UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WAYNE ALLEN RIVELL,

       Plaintiff,

v.                                                          Case No: 6:20-cv-476-RBD-EJK

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Supplemental Security Income ("SSI"). In a decision dated December 5, 2018, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled during the relevant period from October 13, 2015, through December 5, 2018. (Tr. 21.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the memoranda, and the applicable law. For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

I.   **ISSUES ON APPEAL**

Plaintiff makes the following arguments on appeal:

1. The ALJ did not fully and fairly develop the record when he did not obtain Plaintiff's up-to-date medical records.

2. The ALJ failed to apply the correct legal standards to treating physician Dr. Aaron Porter's opinion.

3. The ALJ failed to apply the correct legal standards to non-examining state agency consultant Dr. Fredrick Lutz's opinion.

(*See* Doc. 22.)

II.   **STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III.   **The ALJ's Decision**

In determining that Plaintiff was not disabled during the relevant period, at step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe

impairment of diabetes mellitus with peripheral neuropathy, coronary artery disease, status post coronary artery bypass grafting, obesity, and lumbar degenerative disc disease.[1] (Tr. 11.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. (Tr. 13.)

Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work,[2] with the exception of a thirty-minute sit/stand option. (*Id.*) Specifically, the ALJ found:

> The claimant can never climb ladders, rope and scaffolds, balance or crawl. He can occasionally bend, kneel, and/or crouch. The claimant can never use the lower extremities to operate foot controls. He can do no more than frequent handling and fingering bilaterally. The claimant must avoid concentrated exposure to vibrations, work around moving mechanical parts, or work at unprotected heights. The claimant requires a cane to reach the workstation but does not require it at the workstation.

(*Id.*)

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 20.) At step five, the ALJ found that considering Plaintiff's age (40

---

[1] The sequential evaluation process is described in the ALJ's decision. (Tr. 10–11.)
[2] "Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.967(a).

years old on the date he filed his application), education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform as a cashier, nonpostal mail clerk, and gate attendant. (Tr. 20–21.) Therefore, Plaintiff was not disabled. (Tr. 21.)

IV.   **ANALYSIS**

**A. Whether the ALJ Developed a Full and Fair Record**

The parties agree that the ALJ has a duty to develop a full and fair record, *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995), but disagree as to whether the ALJ did so under the circumstances presented here. At the hearing, Plaintiff voluntarily waived his right to counsel. (Tr. 39–40.) The ALJ then asked Plaintiff about any medical records that he still needed to obtain. (Tr. 41.) Plaintiff identified outstanding records from First Coast Cardiovascular, Century Clinical, and Dr. Matthew Hentzel, Plaintiff's podiatrist. (Tr. 41–42.) At the end of the hearing, the ALJ indicated he would order the outstanding records from Plaintiff's doctors. (Tr. 65.) However, the ALJ failed to obtain the outstanding medical records from Dr. Hentzel.

"In determining whether remand is necessary for development of the record, [the court] consider[s] whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Bellew v. Acting Comm'r of Soc. Sec.*, 605 F. App'x 917, 932 (11th Cir. 2015) (per curiam) (unpublished) (internal quotation marks omitted). Thus, Plaintiff must show prejudice in order to necessitate a remand. *Id.*

Plaintiff argues he was prejudiced by the ALJ's failure to obtain updated records from Dr. Hentzel. (Doc. 22 at 16.) Plaintiff testified he saw Dr. Hentzel a few weeks

prior to the hearing. (Tr. 41.) Plaintiff urges that this single-visit record is important because Plaintiff testified that his doctors were still working on controlling the infection in his foot, and he was told that there was possibility that he could lose his leg below his knee. (Tr. 48.) He also testified he currently had open sores on both of his feet. (Tr. 48–49.) So, in Plaintiff's view, Dr. Hentzel's updated records were important to his claim for disability.

However, there was sufficient medical evidence in the record, without the record from Plaintiff's most recent visit to Dr. Hentzel, for the ALJ to make an informed decision. While Dr. Hentzel's record should have been obtained, this error was harmless because Plaintiff has alleged no facts showing that there were gaps in the evidentiary record or that he suffered clear prejudice. *Bellew*, 605 F. App'x at 932. Although Plaintiff contends this visit was "clearly important" to Plaintiff's claim for disability (Doc. 22 at 17), the record and the ALJ's decision already contained evidence of Plaintiff's foot infection and open sores, as well as the possibility that he faced amputation, which the ALJ considered in making his decision and tailoring Plaintiff's RFC. (Tr. 17–18.) As such, I respectfully recommend that the Court conclude that a remand is not warranted for further development of the record.

### B. Whether the ALJ applied the correct legal standards to treating physician Dr. Porter's opinion.

Plaintiff argues that the ALJ erred in assigning little weight to the opinion of his treating physician, Dr. Porter. (Doc. 22 at 24.) In discounting Dr. Porter's opinion of Plaintiff's abilities, the ALJ noted only that "[t]he level of limitations indicated by Dr.

Porter exceeds the severity indicated by the objective findings in the record as documented by treatment records and his course of treatment for his musculoskeletal complaints." (Tr. 18.) Plaintiff argues the ALJ's proffered reason is conclusory and does not provide the requisite good cause to reject his opinion.

To discount the opinions of a treating doctor—which are otherwise entitled to great weight—the ALJ is required to provide "good cause." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014). Good cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240–41. The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it*." Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

Here, the ALJ did not provide that required specific justification. The Commissioner argues that the ALJ provided good cause for discounting Dr. Porter's opinion on Plaintiff's limitations because it was inconsistent with and unsupported by record evidence. Problematic for the Commissioner, however, is that the ALJ does not state with specificity which records Dr. Porter's opinion was inconsistent with. To try to close that gap, the Commissioner points the Court to physical examinations of Plaintiff that took place in March 2016 (Tr. 15) and imagery studies done in January 2016 (Tr. 14). (Doc. 22 at 27.)

But the undersigned cannot accept the Commissioner's post-hoc rationalizations for the ALJ's decision. *See Barreto v. Comm'r of Soc. Sec.*, No. 6:10-cv-1952-Orl-GJK, 2012 WL 882520, at *4 n.2 (M.D. Fla. Mar. 15, 2012). Further, Dr. Porter's opinion was rendered in July 2018 (Tr. 18) and other records cited by the ALJ indicate that Plaintiff's condition in 2018, as to gait, ambulation, and balance, had deteriorated from 2016 (Tr.16). Moreover, the records indicate that Plaintiff did not begin seeing Dr. Porter until October 2017. (Tr. 681–758.) Certainly, the ALJ could have had reasons for relying more heavily on older records, but the undersigned cannot determine what that rationale was from the ALJ's single-sentence rejection.

Additionally, the Commissioner also states that Dr. Porter's opinion was internally inconsistent regarding Plaintiff's limitations on his ability to sit and stand. (Doc. 22 at 29.) But again, this is not something the undersigned can determine that the ALJ used as the basis for rejecting Dr. Porter's opinion given the ALJ's limited explanation. Therefore, the undersigned recommends that the Court conclude that the ALJ failed to provide good cause for his rejection of Dr. Porter's opinion.

### C. Whether the ALJ applied the correct legal standards to non-examining state agency consultant Dr. Lutz's opinion.

Finally, Plaintiff argues that the ALJ erred in assigning great weight to the opinion of non-examining state agency consultant Dr. Lutz because the ALJ's stated reasons for doing so were not based on the correct legal standards or supported by substantial evidence. (Doc. 22 at 29.) The opinion of a non-examining reviewing physician is entitled to little weight, and taken alone, does not constitute substantial

evidence to support an administrative decision. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (per curiam).

There are three reasons why the ALJ accorded significant weight to Dr. Lutz's July 2017 opinion that Plaintiff was capable of performing light work:

> First, this is a disability specialist who had the bulk of the evidence from the treating sources and consultative examiners that now comprise the official record in this case available for their review. They considered all of the objective facts at the time they rendered their opinion. Secondly, though they did not have at their disposal the claimant's testimony that testimony specifically as it relates to the claimant's activities of daily living was consistent with the residual functional capacity opined by the reviewing doctor to a significant degree. Finally, the evidence in total does support the general conclusion put forth by the State Agency doctor. The evidence is part of the record and entitled to the same probative value accorded 'expert opinion' evidence. I have resolved doubt in the claimant's favor in including additional limitations including the requirement of a sit/stand alternative and use of an assistive device.

(Tr. 19.)

Here, the ALJ provided reasons supported by substantial evidence for crediting the opinion of Dr. Lutz. Plaintiff argues that Dr. Lutz did not have all the evidence of record before him in making his opinion in July 2016. (Doc. 22 at 30–31.) However, the ALJ acknowledged this, stating that this doctor "considered all of the objective facts *at the time they rendered their opinion*." (Tr. 19) (emphasis added). Second, Plaintiff asserts that the ALJ was wrong when he concluded that Plaintiff's testimony was consistent with Dr. Lutz's opinion on Plaintiff's abilities. (Doc. 22 at 31.) But the ALJ states in his assessment of Dr. Lutz's opinion that he resolved any doubt in Plaintiff's

favor by including a *more* restrictive RFC than was contained in Dr. Lutz's opinion. (Tr. 19.) Next, Plaintiff argues that the ALJ again was conclusory in stating that Dr. Lutz's testimony was otherwise supported by the record. (Doc. 22 at 32.) Standing alone, that might be true. But the ALJ provided other reasons for crediting this opinion, and Dr. Lutz's opinion was not the sole opinion on which the ALJ based his RFC determination. (*See* Tr. 19.) Thus, the Court finds no error in the ALJ's consideration of the opinion of Dr. Lutz.

V.   **RECOMMENDATION**

Accordingly, it is **RESPECTFULLY RECOMMENDED** that the Court enter an order:

1. **DIRECTING** the Clerk of Court to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (1) state the reasons for assigning little weight to the opinion of Dr. Porter, (2) reconsider Plaintiff's RFC, if appropriate, and (3) conduct any further proceedings deemed appropriate.

2. **DIRECTING** the Clerk of Court to enter judgment accordingly and **CLOSE** the file.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 21, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record